UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

                Petitioner,                Case Number 17-10285
v.                                                    Honorable David M. Lawson

SHIRLEY HARRY,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**

      Petitioner Derrick Lee Smith, presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition also identifies Virginia Wilkinson, Inmate # 981857, as a co-petitioner. However, only Smith signed the petition, and the Court cannot find any record of an inmate named Virginia Wilkinson in the Michigan Department of Corrections' Offender Tracking Information System; and the inmate associated with number 981857 is not Virginia Wilkinson. Under Federal Rule of Civil Procedure 11(a), every pleading must be signed by either an attorney of record or by a party personally if the party is not represented by counsel. Wilkinson is not represented by counsel and has not signed the petition. Therefore, only Smith's petition is properly before the Court.

      Petitioner Smith was convicted and sentenced in 2008 on two counts of kidnapping, and six counts of first-degree criminal sexual conduct. He was sentenced to 22 years and 6 months to 75 years. In his petition, Smith lists 22 claims for relief related to the conditions of his confinement for alleged violations of his First, Eighth, and Fourteenth Amendment rights. Smith says that he is aware that a habeas corpus petition is not the appropriate vehicle to address condition of confinement claims. However, he contends that he brought his claims under a habeas corpus

petition because he has become frustrated with his inability to file his case in the Ingham County circuit court and the Michigan Court of Claims.

After a petition for habeas corpus is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4. The Court will dismiss the petition because the petitioner's papers plainly demonstrate that he is not entitled to relief. *See* Rule 4, Rules Governing § 2254 Cases. It is clear that Smith is not seeking to collaterally attack his state court conviction under 28 U.S.C. § 2254. His claims all involve alleged civil rights violations against Michigan Department of Corrections employees related to the conditions of his confinement. Indeed, he attempted to bring his case in both a Michigan trial court and the Michigan Court of Claims, a court that hears civil cases against the State of Michigan. Smith has therefore not provided any basis for habeas corpus relief.

Additionally, Smith's petition cannot be construed as a civil rights action. Although a *pro se* litigant's filing is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted *pro se* litigants . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The Sixth Circuit has held that where a prisoner files a habeas corpus petition raising claims that must be raised in a civil rights action, the district court should dismiss the petition without prejudice to allow the petitioner to raise his claims properly. *Ibid.* Moreover, prisoners are

required to attempt to settle their disputes about prison conditions using the prison's grievance system before filing a federal lawsuit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 21, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 21, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI